### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Case Nos.    2:09-CV-8022-RDP-TMP |
| ) |                    2:05-CR-0538-RDP-TMP |
| PARVEZ IGBAL ISSA, ) | |
| ) | |
| Defendant/Movant. ) | |

### **MEMORANDUM OPINION**

The Magistrate Judge filed his Report and Recommendation on December 17, 2010, recommending that Defendant/Movant's motion pursuant to 28 U.S.C. § 2255 be denied as time barred. Movant filed his timely objections to the Report and Recommendation on January 3, 2011, arguing that the Magistrate Judge incorrectly determined that he was not entitled to equitable tolling of the one-year time limit for filing § 2255 motions. Movant contends that he was duped and defrauded by a fellow inmate into believing that the "jailhouse lawyer" was preparing a § 2255 motion, but which never was filed. He asserts that such deception constituted "extraordinary circumstances" for invocation of equitable tolling.

Unfortunately for Movant, the courts that have faced this question after the Supreme Court's decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010), have concluded, like the Magistrate Judge did here, that failings, and even outright deception, by an unscrupulous "jailhouse lawyer" do not constitute extraordinary circumstances for purposes of equitable tolling. *See, e.g., Lozano v. United States*, 2011 WL 160812, *2 (M.D.Fla., Jan. 19, 2011)("Being negligently misadvised by jailhouse lawyers is not an extraordinary circumstance that provides a basis for equitable tolling."). In *Crosier v. Secretary, Dept. of Corrections*, 2010 WL 4393887 (M.D.Fla., Nov. 1, 2010), the court explained:

>   Petitioner appears to assert in his petition that he is entitled to equitable tolling because he "is functionally illiterate, [and] was misadvised, *lied to and the facts misrepresented from the onset and Petitioner was subjected to the amoral intent of unpricipled [sic] jailhouse law clerks* [.]" ....  Petitioner's alleged "functional illiteracy" does not, however, entitle him to equitable tolling.  *See Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable [habeas] filing period merits equitable tolling.... It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason."); *Malone v. Oklahoma*, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (unpublished opinion) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing).  Likewise, Petitioner's vague claim that prison law clerks misadvised him is not an extraordinary circumstance justifying equitable tolling.  *See e.g. Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (allegation that inmate law clerk who assisted the petitioner took 170 days to prepare a state habeas application held to be insufficient to warrant equitable tolling, because the fact that another inmate provided assistance "did not relieve [petitioner] from his personal responsibility of complying with the law"); *Heinken v. Higgins*, 2005 U.S. Dist. LEXIS 38637, at *15, 2005 WL 3481349 (W.D.Okla. Nov. 29, 2005)("Petitioner's claims regarding inadequate assistance from 'persons trained in the law' or inmate law clerks does not merit equitable tolling."); *Joubert v. McNeil*, 2009 U.S. Dist. LEXIS 124703, * 18 (S.D.Fla. Dec. 29, 2009) ("The Eleventh Circuit has expressly held that equitable tolling should not apply where an attorney misadvised his client as to the triggering of the AEDPA's one-year limitation.  *Helton v. Sec 'y. Dept. Of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001).  Accordingly, any negligence on the part of an inmate law clerk with regard to the federal deadline certainly would not justify equitable tolling."). [Italics added].

*Id.* at *1.  *See also Moreno v. Hernandez*, 2010 WL 2555627 (E.D.Cal., June 21, 2010); *Henderson v. Johnson*, 1 F.Supp.2d 650 (N.D.Tex. 1998); *Estrada v. Hedgepeth*, 2010 WL 3069998 (C.D.Cal., May 26, 2010).  The court agrees with the decisions in these cases and concludes that Issa's reliance on an unscrupulous "jailhouse lawyer" is not an extraordinary circumstance sufficient to trigger equitable tolling.  Unlike licensed attorneys, who have legal and ethical rules obligating them to preserve and protect the interests of their clients, fellow inmates are not so constrained to act in the interest of another inmate he claims to be assisting.  "Jailhouse lawyers" not only lack the legal

2

training of an attorney, they lack the legal and ethical obligations of a lawyer; they are neither screened for fitness nor are they compelled to act with any scruples. Unfortunately, deception of one inmate by another is all too common to constitute an extraordinary circumstance.

Furthermore, a rule allowing for equitable tolling on the basis of one inmate purportedly deceiving another would put too much control over the operation of equitable tolling in the hands of the inmate movant. With such a rule, to qualify for equitable tolling, the movant need only secure an affidavit from another inmate, saying the latter duped the former. By this convenience, the movant could extend the one-year limitation period for filing a § 2255 motion simply by claiming the period was equitably tolled by the deceit of his "jailhouse lawyer." That is too easy a basis for granting such an extraordinary remedy as equitable tolling.

Finally, a prisoner has the personal responsibility to ensure the timely filing of his petition. Here, Issa has not shown that there were extraordinary circumstances that (1) prevented timely filing of his federal habeas petition and (2) were both beyond his control and unavoidable with diligence.

Accordingly, the court finds Movant's objections to the Magistrate Judge's Report and Recommendation to be meritless, and they are due to be overruled. By separate order, the court will overrule the objections, adopt the Report and Recommendation, and deny the pending § 2255 motion.

**DONE** and **ORDERED** this ____31st____ day of January, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE